ORDERED.

Dated: August 4, 2011



*Eileen W. Hollowell, Bankruptcy Judge*
_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 13
)
) Case No. 4:10-bk-26773-EWH
DEBRA ETHEL STAFFORD, )
) **MEMORANDUM DECISION**
Debtor. )
)

### I. INTRODUCTION

The Debtor seeks a determination, as a matter of law, that her ex-husband's lien claim against her homestead is avoidable under 11 U.S.C. § 522(f)(1), and that as a result, his secured proof of claim should be treated as unsecured. For the reasons explained in the balance of this decision, the Debtor's request will be denied.

### II. FACTUAL AND PROCEDURAL HISTORY

A. The Divorce

The Debtor ("Debtor") and her ex-husband (the "Husband") agreed to the terms of their divorce. Their agreement was approved by the Pima County Superior Court pursuant to a Consent Decree of Dissolution of Marriage ("Decree"), which was signed by both of the Staffords and entered by the Arizona Superior Court in Pima County on

July 11, 2007. Specifically, as part of the division of the couple's marital property, paragraph 12 of the Decree provides:

> 12. Petitioner will pay down the existing mortgage, prior to the refinancing requirement set forth below, by making a cash payment to the principal to reduce the mortgage balance to not more than $150,000. Respondent is then to refinance the residence within 90 days of May 15, 2007, to have his name removed. At that time, Petitioner will file the deed transferring all ownership in the property to the Respondent, to be filed during the refinance and the Respondent will sign a note and Deed of Trust prior to the refinancing, which note will be in the principal amount of $45,000, which represents one-half of the equity in the residence as of the present time. Said note will be payable upon sale of the residence or by payment in full, including interest thereon, on or before January 3, 2015, whichever occurs first. . .

The Husband paid down the mortgage so that the Debtor could refinance. On June 26, 2007, before the Debtor had completed refinancing, he executed a warranty deed transferring all ownership in their marital home ("Homestead") to the Debtor. Thereafter, the Debtor completed the refinance, but failed to sign a note ("Note") and deed of trust ("Deed of Trust") in favor of the Husband, as required by the Decree. On December 4, 2007, the Husband recorded the Decree – thereby creating a judicial lien on the Homestead under ARIZ. REV. STAT. § 33-961. On August 3, 2010, the Husband filed a petition in the Arizona Superior Court seeking to force the Debtor to comply with the Decree's request to provide him with the Note and Deed of Trust. Before his petition could be heard, the Debtor filed for Chapter 13 relief.

B. The Bankruptcy Case

The Husband filed a secured proof of claim ("Claim") for $45,000 listing "promissory note per divorce decree" as the basis for the Claim. The Debtor objected on the grounds that no proof of the Husband's security was attached to the Claim. The

2

Husband responded, arguing that the Debtor should not be able to assert that he lacked a security interest in the Homestead because it was Debtor's conduct which had deprived the Husband the Note and Deed of Trust granted to him in the Decree.

Thereafter the Debtor filed a motion to avoid the Husband's lien pursuant to 11 U.S.C. § 522(f)(1)(A) and (2)(A) ("Motion"). The Husband timely responded. At the hearing on the Claim objection, the parties agreed that there was no factual issue in dispute and that validity of the Husband's secured claim turned on whether his lien could be avoided under 11 U.S.C. § 522(f). The court requested simultaneous briefs on the issue. The matter is now ready for decision.

### III. ISSUES

Can the Debtor avoid the Husband's lien on the Homestead?

### IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (K).

### V. DISCUSSION

The issue to be decided in this case could consume pages of analysis. Is the Debtor correct in her assertion that the 2005 amendments to Section 522(f)(1)(A) of the Code only insulate judgments securing support obligations from Section 522(f) avoidance? Is the holding of Farrey v. Sanderfoot, 500 U.S. 291 (1999), which only

3

permits a lien to be avoided if a debtor has an interest in the property before the judgment lien attaches, applicable in this case?

Thankfully, the facts of this case make it unnecessary for the Court to engage in any prolonged analysis of either question. The Decree required the Debtor to give the Husband a consensual lien on the Homestead. Had she complied with the Decree, he would have had a consensual non-avoidable lien. By not doing so, she forced him to record the Decree which left him with a judgment which she now seeks to avoid under 11 U.S.C. § 522(f)(1)(A).

The Bankruptcy Code provides a "fresh start" for honest, but unfortunate debtors. It is not, however, a haven for a spouse who violates a divorce decree. Accordingly, the Court finds that the Debtor's own conduct prevents her from asserting right under 11 U.S.C. § 522(f) to avoid the Husband's lien.

Furthermore, even if the Court were to reach the merits, the Debtor cannot prevail. Assuming that the holding in <u>Farrey</u> applies,[1] the only way the Debtor could avoid its result would be for the Court to focus exclusively on the fact that the Husband executed the quit-claim deed before the Decree was entered and recorded. The Decree simultaneously created the Debtor's exclusive right to the Homestead and the Husband's lien rights. The date the required paperwork was executed to implement the Decree's terms is irrelevant to the question of when the rights were created. Accordingly, <u>Farrey</u> applies, and the Husband's lien cannot be avoided because both rights were created at the same time. In the alternative, the Decree provided the

---

[1] A simple cite check on Westlaw demonstrates that many courts continue to apply its holding. See, e.g., <u>In re White</u>, 408 B.R. 677, 682 (Bankr. D.Tex. 2009).

4

Husband with an equitable lien on the Homestead until such time as the Debtor complied with the Decree's requirement to give him a consensual lien. As Judge Marlar held in In re Farnsworth, 384 B.R. 842, 849-50 (2008), equitable liens are not subject to avoidance under 11 U.S.C. § 522(f)(1)(A).[2]

### VI. CONCLUSION

For all of the foregoing reasons, an order will be entered this date denying Debtor's Avoidance Motion.

Dated and signed above.

Notice to be sent through the Bankruptcy
Noticing Center "BNC" to the following:

Debra Ethel Stafford
10072 East Emily
Tucson, AZ 85730

Cheryl K. Copperstone
Law Office of Cheryl K. Copperstone
7211 North Camino de la Cruz
Tucson, AZ 85741

Nancy J. March
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Dianne C. Kerns
7320 North La Cholla #154 PMB 413
Tucson, AZ 85741-2305

---

[2] The Debtor's assertion that the decreased value of the Homestead should be considered as part of the determination of the Husband's lien rights is without merit. Whether the lien is avoidable is the question to be decided, not what its value may be.

5

U.S. Trustee's Office
230 North First Ave. #204
Phoenix, AZ 85003

6